CHAINLESS CYCLE MFG. CO. v. SECURITY INS. CO. OF NEW HAVEN,
CONN.

(Supreme Court, Appellate Division, Fourth Department.   May 22, 1900.)

INSURANCE—WAIVER OF APPRAISAL—QUESTIONS FOR JURY.

An insurance company engaged an adjuster to adjust a loss for it.
Proofs of loss were prepared and submitted to the company, which was
notified by plaintiff that, unless it adjusted the loss, or agreed to an ap-
praisal by a named date, it would be deemed to have waived such ap-
praisal, and the damaged property would be sold. Such agent, on de-
mand for an appraisal, stated that he did not wish it, and wanted to
settle. Plaintiff, relying on such refusal, sold the property, after which
such company repudiated the adjustment, and demanded an appraisal.
*Held* sufficient to present a question to the jury as to whether such com-
pany waived an appraisal.

McLennan and Williams, JJ., dissenting.

Appeal from trial term, Monroe county.

Action by the Chainless Cycle Manufacturing Company against the
Security Insurance Company of New Haven, Conn. From a judg-
ment for plaintiff, and an order denying a motion for new trial, de-
fendant appeals.   Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

Horace McGuire, for appellant.
Edward L. Jellinek, for respondent.

LAUGHLIN, J.   It is alleged in the complaint that plaintiff was
engaged in manufacturing and selling bicycles at Nos. 12 and 14
Courtland street, Rochester, N. Y., and on the 16th day of August,
1899, a fire occurred at its place of business, destroying or damaging
and injuring its stock in trade, fixtures, and machinery to the ex-
tent of $19,091.22; that the same were insured against fire by de-
fendant in the sum of $2,500 by a policy issued on the 5th of that
month, which contained the privilege of additional insurance on ac-
count of which defendant's proportion of the loss is $1,913.78; that
plaintiff has performed all the conditions of the contract of insur-
ance; and that more than 60 days prior to the commencement of
this action plaintiff gave defendant due notice and proof of the fire,
as required by the policy, and demanded payment of the loss, with
which demand defendant refused to comply.   The answer admits
the receipt of due proofs of loss as alleged, and that defendant has
not paid its proportion of the loss.   It avers that the proofs of loss
were received on September 1st, and that on September 12th it no-
tified plaintiff that it disagreed with plaintiff as to the amount of
damages, and demanded an appraisal pursuant to the terms of the
policy; that it designated an appraiser, and requested plaintiff to
unite with it in an appraisal agreement; that such demand and re-
quest were refused by plaintiff, and that such appraisal is a condi-
tion precedent to the right to prosecute this action.   The only pro-
vision of the policy with reference to an appraisal is the following:

"In the event of disagreement as to the amount of loss the same shall, as
above provided, be ascertained by two competent and disinterested appraisers,

the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss. The parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expense of the appraisal and umpire. The loss shall not become payable.until sixty days after the notice, ascertainment, estimate,. and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when an appraisal has been required."

The case does not contain the evidence relating to the damages, and it has been made and settled with a view to presenting the question as to whether, on account of plaintiff's refusing defendant's demand for an appraisal on the 12th of September, this action was prematurely brought, and also the exceptions bearing on that question. The trial court ruled that an appraisal was not a condition precedent to be alleged and proved by plaintiff, but that plaintiff's refusal to enter into an appraisal was matter of defense, and that, if such an appraisal was demanded by defendant, and not waived by it, the action could not be maintained. Plaintiff contended that defendant waived its right to an appraisal before making the formal demand therefor on September 12th, as alleged in its answer. The court specially submitted to the jury the question as to whether defendant waived its right to an appraisal, and instructed the jury that the burden of proof on this issue rested with the plaintiff. To such rulings and submission defendant excepted. The jury answered the question in the affirmative. Mr. Searle, plaintiff's president and general manager, gave immediate notice of the fire by telephone to defendant's agents in Rochester, from whom plaintiff had received the policy, saying that plaintiff had a small loss, or small fire, but that he did not know the amount of the damages. The agents hastily looked over the loss, and by letter the same day notified defendant thereof, stating that the probable amount of the loss was $2,500, of which, on account of other insurance, defendant's proportion would be $250, and asking if they would have Norden, an experienced insurance adjuster, residing in Rochester, represent and adjust the loss for the defendant. Defendant wired its agents in reply to look after the loss in the usual way, or wait for the adjuster. The agents thereupon referred the loss to Norden for adjustment. Norden had interviews with Searle on August 18th and 19th concerning the loss, and on the 24th of August they and Sherwood, an adjuster employed by plaintiff, met, and a schedule of the loss, the same as subsequently contained in the proofs of loss, excepting some clerical errors in footing the figures, was presented to Norden, who seemed surprised at the amount of loss shown thereby, which was $21,494.20. Sherwood urged an early settlement or submission to an appraisal, and offered in behalf of plaintiff to consent to an appraisal then and there. Norden wished time to communicate with the interested companies, but, recognizing the propriety of a prompt adjustment, agreed to set a time when the companies would settle, or submit to an appraisal. Norden at this time, pursuant to like authority, was

representing all of the insurance companies. Sherwood suggested that Norden communicate with his principals by wire, and the latter thereupon telegraphed the companies as follows: "Chainless Bicycle Company claim exorbitant 90%. Authorize appraisal or send special agent next Tuesday. Answer." On Tuesday, the 29th of August, the special agents of all the companies were in Rochester, and with Norden they looked over the loss. At that time Searle gave Norden a schedule of the items of loss, with valuations the same as before. The special agents on the same day appointed Norden and two other adjusters—Reed, of Buffalo, and Wood, of Geneva—a committee to take charge of and adjust this loss for all the companies. Searle was informed of the appointment of the committee, and requested to present proofs of loss in the usual way. Proofs of loss were prepared and verified on that day, and duly mailed to each of the companies on the following day, and plaintiff inclosed therewith a letter saying: ,

' "We herewith send you proofs of loss covering our loss by fire of August 16th, 1899, under your policy No. 3,136. Unless you adjust this loss or agree to an appraisal on or before Tuesday, September 5th, 1899, you will be deemed to have waived your right to such an appraisal, and we will proceed to dispose of the property to the best possible advantage."

The evidence is conflicting as to whether any chairman of the committee was designated. Norden, however, assumed to act as chairman, and on the 31st of August wrote each company in that capacity, requesting that proofs of loss be forwarded to him when received, and adding, "All precautions have been taken to avoid litigation." The letter and proofs of loss addressed to defendant were received at its office in New Haven, Conn., on Friday, the 1st of September. On the 6th of September, Norden, as chairman, received a letter from the secretary of defendant, inclosing such proofs of loss, saying: "We have taken no action on them [referring to the proofs of loss], relying on you and your committee to do all that is needed." No meeting of the committee was called or held. Norden received a letter from Reed, dated September 1st, protesting against his assuming to act as chairman. On the 5th day of September,—the time specified in plaintiff's letter to the insurance companies,—Searle and Sherwood called on Norden, and demanded an appraisal. Down to this time Norden had received no word from the defendant in answer to his message or letter hereinbefore quoted, except the appearance of the special agent as stated, and had not received the proofs of loss or letter inclosed therewith, also herein quoted. Norden, in answer to plaintiff's demand for an appraisal, said that he did not wish to have an appraisal; that he wanted to settle. After some negotiation, they agreed on $11,000 as the total loss, and Norden signed a settlement agreement to that effect in behalf of four other insurance companies from whom he had received proofs of loss and authority. He stated, however, that he did not wish to sign for defendant and the remaining companies until he received the proofs of loss, and that he wished to advise with the other members of the committee, but he appeared sanguine that the settlement would be acquiesced in by all. Norden at this time endeavored to reach Reed on the

telephone, but he was away from home, as was Wood also. Wood and Reed did not consent to the settlement made by Norden, but some of the companies acquiesced in it. Neither Wood nor Reed ever returned to Rochester on this matter. There was a conflict of evidence as to whether there was any agreement or understanding concerning a meeting of the committee prior to their leaving Rochester on August 29th, it being claimed by Norden that there was not, and by them that the committee was to meet as soon as the proofs of loss were received. On the 6th day of September, plaintiff, evidently relying on Norden's refusal of an appraisal, sold the damaged property, and heard nothing further from defendant until the 12th day of September, when it received a letter from defendant's attorneys purporting to be written in behalf of four other companies as well, repudiating as unauthorized the adjustment made by Norden, and giving notice that it disagreed with plaintiff in regard to the amount of the loss, demanding an appraisal, and designating its appraiser substantially as alleged in the answer.

These facts and circumstances fairly presented a question for the jury as to whether the defendant did not waive its right to an appraisal. There is evidence to support the finding of the jury. The defendant had ample time to determine whether it wished to settle the loss without an appraisal. If it deemed an appraisal necessary, it could have notified the plaintiff to that effect on or before September 5th, which is all that it was called upon to do in response to plaintiff's letter of August 30th; at least it should have notified plaintiff to refrain from selling the property.

We find no error in the rulings of the trial court which requires that a new trial be granted. It follows that the judgment and order appealed from should be affirmed, with costs. All concur, except McLENNAN and WILLIAMS, JJ., who dissent.